Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/19/2019 08:07 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator, v.
Kathleen M. Schmidt, respondent.
___ N.W.2d ___

Filed July 19, 2019.    No. S-19-226.

Original action. Judgment of suspension.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission filed by Kathleen M. Schmidt, respondent, on May 24, 2018. The court accepts respondent's conditional admission and enters an order of suspension for a period of 1 year, with 2 years of monitored probation following reinstatement.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 18, 1987. At all relevant times, she was engaged in the practice of law in Omaha, Nebraska.

On March 4, 2019, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent. The formal charges consisted of six counts against respondent. On May 22, the Counsel for Discipline dismissed, without prejudice, count VI of the formal charges. Pursuant to Neb. Ct. R. § 3-302, respondent is under the jurisdiction of the Committee on Inquiry of the Second Judicial District.

- 756 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. SCHMIDT
Cite as 303 Neb. 755

The matters alleged in the formal charges were reviewed by the Committee on Inquiry pursuant to Neb. Ct. R. § 3-309(H) (rev. 2011). The committee determined that there are reasonable grounds for discipline of respondent and that a public interest would be served by filing formal charges.

*Count I.*

Count I of the formal charges states that while representing S.L. in a dissolution of marriage case, respondent failed to follow the discovery rules, which caused the district court to continue a hearing.

The formal charges allege that by her actions, respondent violated her oath of office as an attorney licensed to practice law in the State of Nebraska as provided by Neb. Rev. Stat. § 7-104 (Reissue 2012) and Neb. Ct. R. of Prof. Cond. §§ 3-503.4(c) (fairness to opposing party), 3-504.4(a) (respect for rights of third persons), and 3-508.4(a) and (d) (rev. 2016) (misconduct).

*Count II.*

Count II of the formal charges states that while representing L.P., the plaintiff in a dissolution of marriage case, respondent prepared a parenting plan which she submitted to the Douglas County District Court Conciliation and Mediation Services. Respondent did not submit the proposed parenting plan to opposing counsel for her review; rather, she attached the last page of the stipulated order as the last page of the parenting plan, thereby making it appear that the document had been prepared by opposing counsel and approved by the parties and their counsel.

The formal charges allege that by her actions, respondent violated her oath of office as an attorney licensed to practice law in the State of Nebraska as provided by § 7-104 and Neb. Ct. R. of Prof. Cond. § 3-503.3(a)(1) (rev. 2016) (candor toward tribunal) and § 3-508.4(a), (c), and (d) (misconduct).

- 757 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. SCHMIDT
Cite as 303 Neb. 755

*Count III.*

Count III of the formal charges states that while representing A.K. in a family law matter, respondent misappropriated client funds. On May 11 and 30, 2017, A.K. gave respondent's law firm checks for $1,000 and $650 as advance fee payments, which were deposited into respondent's business account rather than into respondent's client trust account. In June and July, respondent's law firm issued a billing statement to A.K. showing fees and expenses. When A.K.'s case was completed and A.K. was owed a refund of $315 from the initial advance fee payment, respondent issued a refund out of her trust account in that amount. The formal charges allege that respondent used funds belonging to other clients to pay A.K.'s refund. Respondent later deposited $315 of her funds into her trust account to cover the improper withdrawal of funds.

The formal charges allege that by her actions, respondent violated her oath of office as an attorney licensed to practice law in the State of Nebraska as provided by § 7-104 and Neb. Ct. R. of Prof. Cond. § 3-501.15 (safekeeping property) and § 3-508.4(a) (misconduct).

*Count IV.*

Count IV of the formal charges states that respondent received an advance fee payment of $2,500 from her client, D.R., and deposited this fee payment into respondent's husband's business account rather than her client trust account. After respondent's law firm issued billing statements to D.R., respondent transferred money from her trust account to her business account and, in doing so, misappropriated D.R.'s funds and used funds belonging to other clients to pay D.R.'s bill. Respondent's husband later reimbursed respondent's client trust account to return D.R.'s misappropriated payment.

The formal charges allege that by her actions, respondent violated her oath of office as an attorney licensed to practice law in the State of Nebraska as provided by § 7-104 and §§ 3-501.15 (safekeeping property) and 3-508.4(a) (misconduct).

- 758 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. SCHMIDT
Cite as 303 Neb. 755

*Count V.*

Count V of the formal charges states that while respondent served as a conservator to R.B., she was responsible for making monthly rental payments to pay for R.B.'s self-storage unit. Respondent failed to make timely rental payments four times, and each time, R.B. was charged a late fee of $15, which respondent paid from R.B.'s funds. After an ethics grievance was filed against respondent regarding her untimely payment of R.B.'s rent for the storage unit, respondent reimbursed R.B.'s conservatorship account the sum of $60.

The formal charges allege that by her actions, respondent violated her oath of office as an attorney licensed to practice law in the State of Nebraska as provided by § 7-104 and Neb. Ct. R. of Prof. Cond. § 3-501.3 (diligence) and § 3-508.4(a) (misconduct).

On May 24, 2019, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313(B) of the disciplinary rules, in which she conditionally admitted that she violated her oath of office as an attorney and certain professional conduct rules. In the conditional admission, respondent states she did not knowingly or intentionally violate the rules of professional conduct, but acknowledges and admits that her conduct violated certain rules of professional conduct. Respondent knowingly does not challenge or contest the truth of the matters conditionally asserted and waived all proceedings against her in exchange for agreed-upon discipline.

By way of mitigation, respondent stated that in December 2017, she was diagnosed with an illness which required surgery and extended treatment ending in August 2018. During that time, respondent received mental health treatment, including therapy and medication to help her with the emotional and cognitive aspects of her diagnosis and treatment. During the relevant time period, she failed to properly monitor tasks she delegated to new employees, including the operation of her office account, trust account, and a conservatorship. She

- 759 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. SCHMIDT
Cite as 303 Neb. 755

expresses a willingness to cooperate with the Council for Discipline, claims to accept full responsibility for her mistakes, and has taken necessary steps to ensure the same mistakes will not recur. Respondent states that none of her clients suffered legal detriment or financial loss as a result of the acts alleged in the formal charges.

Respondent agreed to a 1-year suspension of her license to practice law in Nebraska, to begin in 30 days. Upon reinstatement of her license, respondent shall serve a term of monitored probation for a period of 2 years. The terms of the probation shall be as follows:

(1) During the first 6 months of the probation, respondent will meet with and provide the monitor a weekly list of cases for which she is entirely responsible, including:

(a) the date the attorney-client relationship began;

(b) the general type of case;

(c) the date of the last contact with the client;

(d) the last type and date of work completed on the case;

(e) the next type of work and date that work should be completed on the case;

(f) any applicable statute of limitations and its dates; and

(g) the financial terms of the attorney-client relationship.

(2) After the first 6 months through the end of probation, respondent shall meet with the monitor on a monthly basis and provide the monitor with a list containing the same information set forth above.

(3) Respondent shall reconcile her trust account within 10 days of the receipt of the monthly statement and provide the monitor with a copy within 5 days.

(4) Respondent shall submit a quarterly compliance report with the Counsel for Discipline, demonstrating that she is adhering to the terms of probation. The quarterly report will include a certification by the monitor that the monitor has reviewed the report and that respondent continues to abide by the terms of the probation.

- 760 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. SCHMIDT
Cite as 303 Neb. 755

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's proposed discipline is appropriate and consistent with sanctions imposed in other disciplinary cases with similar acts of misconduct and will protect the public.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by her conduct, respondent violated certain rules of conduct and her oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against her in connection herewith. Upon

due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is suspended for a period of 1 year. Should respondent apply for reinstatement, if accepted, her reinstatement shall be conditioned upon respondent's being on probation for a period of 2 years, including monitoring, following reinstatement, subject to the terms agreed to by respondent in the conditional admission and outlined above. Acceptance of an application for reinstatement is conditioned on the application's being accompanied by a proposed monitored probation plan, the terms of which are consistent with this opinion. Respondent shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, she shall be subject to punishment for contempt of this court. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323(B) of the disciplinary rules within 60 days after the order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.